## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TEEL STYLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-00808-PRW |
| ) | |
| MERCY MEDICAL HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the Court is Defendants' Motion to Dismiss (Dkt. 14), filed on October 1, 2024. Pro se Plaintiff Teel Styles did not respond. Also before the Court is Styles's Motion for Default Judgment (Dkt. 16) (which she filed on October 9, 2024), Defendants' Response (Dkt. 19), and what the Court liberally construes as Styles's Reply (Dkt. 20).

For the reasons that follow, the Court **GRANTS** the Motion to Dismiss (Dkt. 14); **DENIES** the Motion for Default Judgment (Dkt. 16); and **DISMISSES** the Complaint **WITHOUT PREJUDICE**.

*Background*

This case arises out of Defendants' alleged misconduct surrounding a disputed medical diagnosis following Styles's examination at Defendant Mercy Medical Hospital in early 2023. Styles alleges that on January 5, 2023, she drove from Texas to Oklahoma City, believing she needed an emergency caesarean section for a stillborn child. She based

1

her belief on sonographic imaging in her possession, which she alleges shows that a child was in her womb that had been there for at least 42 months.

The next day, she went to Mercy where she was seen by Defendant Dr. Jesse Hill, who informed her that the imaging showed her bladder. Dr. Hill then sent Styles to receive further imaging and took a urine sample, before discharging her as "non-obstetrical." Styles seeks to recover damages against Defendants, alleging that they hid human remains in her womb, caused the death of a child, misdiagnosed her, failed to treat her, committed intentional torts, and caused disfigurement, all of which occurred as part of an organized crime. Defendants now move to dismiss Styles's complaint for failure to state a claim and for want of subject matter jurisdiction.

### *Standard of Review*

"Federal courts are courts of limited jurisdiction[,]" which "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[1] Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction.[2] Because a federal

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[2] 28 U.S.C. §§ 1331–1332.

court's jurisdiction is limited, "there is a presumption against [it], and the party invoking federal jurisdiction bears the burden of proof."[3]

As Defendants note, Styles does not invoke diversity jurisdiction. Because Styles did not respond, the Court deems this confessed.[4] To successfully invoke federal-question jurisdiction, "the federal question must be apparent on the face of a well-pleaded complaint," and the plaintiff's cause of action must either "be created by federal law or, if it is a state-law cause of action, its resolution must necessarily turn on a substantial question of federal law, and that federal law in turn must create a private cause of action."[5] Because Styles proceeds pro se, the Court construes her pleadings liberally without serving as her

---

[3] *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013) (citation omitted).

[4] LCvR7.1(g). To the extent that the Complaint could be construed to assert diversity jurisdiction, the Court finds that Styles's conclusory allegations are insufficient to state a claim. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). The Complaint is devoid of factual allegations showing that (1) she was in fact pregnant at the time of her examination at Mercy; (2) that the imaging and tests done at mercy were performed incorrectly or misinterpreted; or (3) that she suffered any complications or underwent any treatment related to an undiagnosed pregnancy between January 6, 2023, and the filing of the Complaint on August 7, 2024.

[5] *Rice v. Off. of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001).

3

advocate.[6] Liberal construction, however, "does not relieve the [pro se] plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[7]

### *Analysis*

Subject matter jurisdiction is a "threshold inquiry," which the Court must consider first.[8] On its face, the Complaint does not implicate federal law. Styles asserts that the Court has federal-question jurisdiction based on "Civil STATUTE CODE 23 61.2 [sic]." As there is no such federal statute, this appears to reference OKLA. STAT. tit. 23 § 61.2, which pertains to recoverable damages in Oklahoma actions arising from a claimed bodily injury. And although Styles makes a passing reference to Defendants' acts being part of an organized crime, she does not, liberally construing her Complaint, appear to bring a civil RICO claim.[9] Nor does she appear to seek relief under Section 1983, as she does not allege that Defendants are state actors or took any actions under state law.[10] Indeed, Styles seems

---

[6] *Hall*, 935 F.2d at 1110.

[7] *Id.*

[8] *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1254 (10th Cir. 2015).

[9] Styles does not allege that she was injured in her business or property, or that Defendants engaged two or more acts of racketeering activity. *See Dummar v. Lummis*, 543 F.3d 614, 620–21 (10th Cir. 2008); *see also* 18 U.S.C. § 1961(1) (listing crimes that constitute racketeering activity).

[10] *Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1997) ("As the text" of Section 1983 "itself makes clear, this statute imposes liability only for actions taken under state law.").

to allege only state law torts that do not necessarily turn on a substantial question of federal law. Accordingly, Styles has failed to invoke federal-question jurisdiction.

Because the Complaint does not implicate a federal claim, and Styles does not invoke diversity jurisdiction, the Court **GRANTS** the Motion to Dismiss (Dkt. 14) and **DISMISSES** the Complaint **WITHOUT PREJUDICE**.[11] For the same reasons, the Court **DENIES** the Motion for Default Judgment (Dkt. 16).[12]

Generally, courts should only dismiss a pro se plaintiff's complaint "where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[13] The Court cannot conclude that leave to amend would be futile here, where Styles could possibly proceed under diversity jurisdiction. Accordingly, Styles may seek leave to file an amended complaint on or before August 5, 2025. Said motion must comport with the requirements of Local Civil Rule 15.1, and any proffered amended complaint must comport with the requirements of Federal Rules of

---

[11] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

[12] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[A] a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party[.]").

[13] *Gray v. Geo Grp., Inc.*, 727 F. App'x 940, 946 (10th Cir. 2018) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

Civil Procedure 8 and 10. Should Styles fail to seek leave to amend by August 5, 2025, the Court will at that time enter a final judgment.[14]

**IT IS SO ORDERED** this 15th day of July 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[14] *See also* Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (A plaintiff's complaint is subject to dismissal for failure to prosecute or to comply with the Federal Rules of Civil Procedure or a court order.).